UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KEM SAMUELS,

                Plaintiff,                          **FIRST AMENDED**
                                                             **COMPLAINT**

    -against-

                                                   14 CV 5860 (KAM) (MDG)

THE CITY OF NEW YORK,
DETECTIVE JESSICA ROMANCE (TAX 941641), and     **JURY TRIAL**
JOHN DOE,                                                          **DEMANDED**
                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff, Kem Samuels, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

        1.     At all times hereinafter mentioned, plaintiff, Kem Samuels, was an adult male resident of Kings County, within the State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all relevant times hereinafter mentioned, the defendant Romance was employed by the City of New York as a member of the NYPD, with the rank of detective and assigned to the 113th Precinct of the NYPD. Defendant Romance is sued herein in her official and individual capacities.

        4.     At all relevant times hereinafter mentioned, the Doe defendant was an adult male employed by the City of New York as a member of the NYPD assigned to the 113th

Precinct of the NYPD, whose identity is currently unknown to the plaintiff. The Doe defendant is believed to have been defendant Romance's partner on the date of the arrest. The Doe defendant is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the accrual of plaintiff's claims pursuant to New York State Law.

## RELEVANT FACTS

10. On January 10, 2014, at about 12:00 a.m., plaintiff was arraigned in Kings County Criminal Court on charges unrelated to this instant lawsuit, and was released by the judge on his own recognizance.

11. At this time, while he was still in the courtroom at Kings County Criminal Court, after being told that he was being released on his own recognizance, plaintiff was taken back into custody by, or based on the unlawful orders of, the defendants, Detective Jessica Romance and her partner, the Doe defendant.

2

12. Plaintiff was not engaged in any suspicious or illegal activity, and there was no legal justification or excuse for him to be taken back into custody.

13. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

14. Plaintiff had not been engaged in any illegal or suspicious activity while he was in custody for the unrelated arrested on which he was arraigned immediately before being taken back into custody.

15. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

16. Thereafter, plaintiff was transferred to a station house of the 113th NYPD Precinct in Queens where he was held for several hours and searched.

17. The search revealed no evidence of any guns, drugs, or contraband.

18. Plaintiff was held for several additional hours at the 113th Precinct without explanation before he was transferred to Queens County Central Booking.

19. Detective Romance made false allegations in support of paperwork, including the criminal complaint, which were used to justify plaintiff's false arrest.

20. Plaintiff was held at Queens County Central Booking for several hours before he was summarily released without explanation, without being charged, and without seeing a judge.

21. At no time prior to or during the encounter was there probably cause to arrest plaintiff in connection with this arrest.

22. Plaintiff was never told why he was being taken back into custody after being released on his own recognizance for the prior, unrelated arrest.

23. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

24. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements to justify plaintiff's false arrest and imprisonment, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

25. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION

26. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

27. At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

28. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

29. By so doing, the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

30. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

31. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

32. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

33. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

34. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

35. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

36. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

37. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

   a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

   b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

   c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

   d. *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

   e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

   f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

   g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

   h. *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

   i. *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

   j. *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

   k. *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

   l. *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

   m. *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

   n. *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

   o. *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

   p. *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

   q. *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

   r. *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

      s.      *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

      38.      In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

      39.      Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

      40.      It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

      41.      By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

      42.      Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

43. Plaintiff was subjected to false imprisonment, false arrest, denial of due process and fair trial.

44. At no time did defendants have any legal basis for arresting plaintiff, commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

45. The defendants are therefore liable under New York law to plaintiff for false imprisonment, false arrest, denial of due process and fair trial.

46. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. on the causes of action one through three, actual and punitive damages in an amount to be determined at trial;

ii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iii. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
    February 25, 2015

              By:  /s/
                 Jessica Massimi (JM-2920)
                 Reibman & Weiner
                 Attorneys for Plaintiff
                 26 Court Street, Suite 1808
                 Brooklyn, New York 11242
                 718-522-1743